**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Deutsch,<br><br>                    Plaintiff,<br><br>v.<br><br>Marc Mirbod, et al.,<br><br>                    Defendants. | No. CV-21-08123-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Marc Mirbod and 110 AM LLC's ("Defendants") Motion to Dismiss (Doc. 17.) For the following reasons, Defendants' motion is granted in part and denied in part with leave to amend.

**BACKGROUND**

The following facts from the complaint (Doc. 1) are construed in the light most favorable to Plaintiff. Plaintiff is an Arizona resident who owned an interest in a commercial hotel property known as the Nevada Club Inn ("NCI") in Bullhead City, Arizona. (Doc. 1 ¶¶ 3, 9.) Defendant 110 AM LLC ("110 AM") is a Nevada Limited Liability Company, and Defendant Marc Mirbod ("Mirbod") is a resident of California. (Doc. 1 ¶¶ 4, 5.) In May 2018, NCI was in financial distress, and Plaintiff wished to sell his interest. (Doc. 1 ¶ 9 n.1.) After a previous transaction fell through, Plaintiff and Mirbod orally agreed on May 26, 2018 that either Mirbod or 110 AM would purchase NCI at a Trustee's sale, and that Mirbod or 110 AM would then sell NCI "to Plaintiff for $700,000,

1  all due and payable in two years, with interest only monthly payments at 7.5% per annum."
2  (Doc. 1 ¶ 10.) In exchange, Plaintiff would "invest $100,000 on needed repairs and
3  improvements over two years." *Id.* Plaintiff also agreed to pay Mirbod $11,000 up front,
4  as an accommodation fee to the owners of the two Deeds of Trust on NCI. *Id.*

5  On May 29, the Trustee Sale took place with "110 AM LLC as the only bidder."
6  (Doc. 1 ¶ 11.) However, Mirbod opted instead to purchase NCI through a pending
7  foreclosure sale, which did not require payment of an accommodation fee. *Id.* When
8  asked, Mirbod refused to return the $11,000 to Plaintiff. *Id.* Subsequently, Mirbod directed
9  Plaintiff to perform various improvements to NCI at Plaintiff's expense. (Doc. 1 ¶ 12.) As
10 a result, Plaintiff incurred "well over $75,000 for repairs and improvements," made the
11 required monthly interest payments, and continued to operate NCI. (Doc. 1 ¶ 13.)

12 In June 2018, Plaintiff sent Mirbod a proposed draft purchase agreement to confirm
13 their oral agreement, but Mirbod refused to execute it. (Doc. 1 ¶ 14.) In July, Mirbod
14 proposed changing the terms of their deal: He and Plaintiff would list NCI for sale, Mirbod
15 would receive the first $700,000 in proceeds from the sale, and Plaintiff would receive the
16 rest. (Doc. 1 ¶ 15.) Mirbod then proposed another change in August: "[T]hey would enter
17 into a lease, at the end of which Plaintiff would purchase NCI for $700,000." (Doc. 1 ¶ 16.)
18 Plaintiff orally accepted and prepared a written lease agreement, which Mirbod again
19 declined to sign. *Id.*

20 In October, Mirbod informed Plaintiff he no longer wished to lease NCI at all and
21 proposed that he cash Plaintiff out by reimbursing him for his expenses to date. (Doc. 1
22 ¶ 18.) Plaintiff declined. *Id.* Plaintiff subsequently discovered that Mirbod had listed NCI
23 for sale with a hotel broker, seeking $1,925,000 with a 3% commission split. (Doc. 1 ¶ 19.)
24 Finally, Plaintiff and 110 AM LLC executed a Settlement Agreement and Release in
25 February 2019, which Plaintiff alleges did not release Mirbod personally. (Doc. 1 ¶ 20.)
26 Plaintiff subsequently brought this action, seeking monetary and equitable relief against
27 both Defendants.
28 //

**DISCUSSION**

**I.    Legal Standard**

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), so that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  To withstand a Rule 12(b)(6) motion to dismiss after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Twombly*, a plaintiff's factual allegations in the complaint "must . . . suggest that the claim has at least a plausible chance of success." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013)). Factual allegations in the complaint are accepted as true and the pleading is construed "in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  But "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (quoting *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014)).  Further, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

**II.    Analysis**

**A.    Considering Materials Attached to Defendants' Motion**

Defendants urge the Court to consider a purported settlement agreement signed between Plaintiff and 110 AM LLC dated February 4, 2019, which Defendants have attached to their motion.  (Doc. 17 at 14.)  Although a court is generally limited to considering the complaint on a motion to dismiss for failure to state a claim, "evidence on which the 'complaint "necessarily relies"'" may be considered without converting the

motion into one for summary judgment if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels-Hall v. Nat'l Educ. Ass'n.*, 629 F.3d 992, 998 (9th Cir. 2010) (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). However, "the mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Moreover, "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

The Court will not consider the settlement agreement at this point in the case because Defendants have not shown that it is central to Plaintiff's claim. "[T]he fact that the settlement agreement[] may indeed resolve [Plaintiff's claims] against [Defendant] does not mean [it is] 'integral' to those claims. The issue is not whether the agreement[] [is] integral to resolving the claim, but rather whether [it is] integral to the claim itself." *Nucor Corp. v. Emps. Ins. Co. of Wausau*, No. CV-12-678-PHX-GMS, 2012 WL 12827813, at *2 (D. Ariz. Oct. 1, 2012). While Defendants have argued that the settlement agreement would dispose of Plaintiff's claims, they have not shown that Plaintiff's claims rely on the contents of the settlement agreement. The settlement agreement, instead, forms the basis of their defense to Plaintiff's claims. "It can hardly be said that a document that allegedly negates the existence of a claim can form the basis of Plaintiff's complaint." *Trinidad v. BioLife Plasma Servs. L.P.*, --- F. Supp. 3d. ----, 2021 WL 4805325, at *2 (D. Ariz. Oct. 14, 2021).

### B. Statute of Limitations

Defendant next argues that several claims are time-barred because they were brought after the applicable statutes of limitations. "[F]ederal courts exercising diversity jurisdiction are to use state statutes of limitation." *Nev. Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1306 (9th Cir. 1992). To determine whether a claim is time-barred, Arizona courts consider four factors: "(1) when did the plaintiff's cause of action accrue; (2) what

is the applicable statute of limitations period; (3) when did the plaintiff file his claim; and (4) was the running of the limitations period suspended or tolled for any reason?" *Taylor v. State Farm Mut. Auto Ins. Co.*, 182 Ariz. 39, 41, 893 P.2d 39, 41 (Ct. App. 1994), *vacated in part on other grounds by* 185 Ariz. 174, 913 P.2d 1092 (1996). Additionally, Arizona applies the discovery rule. "Under the discovery rule, . . . a cause of action does not accrue until the plaintiff knows or with reasonable diligence should know the facts underlying the cause." *Doe v. Roe*, 191 Ariz. 313, 322, 955 P.2d 951, 960 (1998). When a statute of limitations may be construed in several ways, Arizona law favors the longer limitations period. *Monroe v. Ariz. Acreage LLC*, 246 Ariz. 557, 562, 443 P.3d 954, 959 (Ct. App. 2019).

### 1. Conversion

Arizona law provides a two-year statute of limitations for actions seeking damages for conversion of the personal property of another. Ariz. Rev. Stat. § 12-542(5). According to the complaint, Plaintiff gave Mirbod $11,000 on May 26, 2018, for the specific purpose of paying an accommodation fee to two individuals who at the time held deeds of trust over NCI as part of a plan where Mirbod would acquire NCI at a trustee sale and subsequently sell it back to Plaintiff. Mirbod restructured the transaction on May 29 and chose to acquire NCI in a foreclosure proceeding that no longer required paying the accommodation fee. When Plaintiff requested—on the same day—that Mirbod return the fee, Mirbod refused. (Doc. 1 ¶¶ 9–11.) Therefore, the cause of action accrued on May 29, 2018, and lapsed on May 29, 2020. Plaintiff filed his complaint on May 28, 2021. Because Plaintiff does not argue that the limitations period for his conversion claim was tolled or suspended for any reason, his claim is time-barred.

### 2. Breach of the Covenant of Good Faith and Fair Dealing

Defendants, citing *Taylor*, argue that Plaintiff's claim alleging a breach of the covenant of good faith and fair dealing is also covered by Arizona's two-year statute of limitations for tort actions. (Doc. 17 at 7); *see Taylor*, 182 Ariz. at 42, 893 P.2d at 42. But *Taylor* held only that "an *insurer's* breach of the implied covenant of good faith and fair

dealing is treated as a tort." *Taylor*, 182 Ariz. at 42, 893 P.2d at 42 (emphasis added). This is an exception to the general rule that "the remedy for breach of the implied covenant of good faith is ordinarily on the contract itself." *Rawlings v. Apodaca*, 151 Ariz. 149, 158, 726 P.2d 565, 574 (1986). A claim for breaching the implied covenant of good faith sounds in tort only when "the contract creates a relationship in which the law implies special duties not imposed on other contractual relationships," such as "elements of public interest, adhesion, and fiduciary responsibility." *Id.* (quoting *Seaman's Direct Buying Serv., Inc. v. Standard Oil of Cal.* 686 P.2d 1158 (1984)). A tort claim is appropriate under these circumstances because plaintiffs seek "something more than commercial advantage or profit from the defendant," and the relationship is one where there is an important interest in deterring breach. *Id.* at 159, 726 P.2d at 575.

Plaintiff's claim for breach of the implied covenant of good faith and fair dealing does not sound in tort. At its core, this case is about the purchase and sale of a piece of commercial property. Defendants have not shown how or why the transaction at issue is anything other than an ordinary commercial relationship or that the parties bore special duties implied by law due to the nature of the transaction.

Consequently, as a claim that sounds in contract, Plaintiff's claim for breach of the covenant of good faith and fair dealing is governed by Arizona's six-year statute of limitations for breach-of-contract actions. *See* Ariz. Rev. Stat. § 12-548; *Woodward v. Chirco Const. Co., Inc.*, 141 Ariz. 520, 523, 687 P.2d 1275, 1278 (Ct. App. 1984) (holding that a claim "for breach of implied warranty is an action for debt founded upon a contract in writing, and that the six-year statute of limitations is therefore applicable"). Regardless of when the cause of action accrued, this claim was therefore timely brought. Even if Plaintiff's claim accrued on the earliest possible day—May 29, 2018, when Plaintiff alleges Mirbod first breached his implied duties—it would not be time-barred until May 29, 2024.

### 3. Promissory Estoppel & Unjust Enrichment

Claims for promissory estoppel are governed by a three-year statute of limitations. *See* Ariz. Rev. Stat. § 12-543(1); *Kersten v. Cont'l Bank*, 129 Ariz. 44, 47–48, 628 P.2d

592, 595–96 (Ct. App. 1981). Claims for unjust enrichment are governed by a four-year statute of limitations. *See* Ariz. Rev. Stat. § 12-550; *San Manuel Copper Corp. v. Redmond*, 8 Ariz. App. 214, 218, 445 P.2d 162, 166 (1968) ("[W]e would have no difficulty in finding that a suit for unjust enrichment . . . is controlled by A.R.S. § 12-550.").

To the extent Plaintiff states a claim for promissory estoppel, such a claim is timely filed. The complaint alleges that Plaintiff first entered into an oral agreement with Mirbod on May 26, 2018, but that the first instance of potential breach was on May 29, 2018, when Mirbod acquired NCI through foreclosure rather than the agreed-upon Trustee sale. It is not apparent that Plaintiff would then have a basis to know that Defendant would breach the agreement to sell or its various revisions later agreed to. Nevertheless, as the earliest possible date for accrual of Plaintiff's claim was May 29, 2018, Plaintiff's claim for promissory estoppel was timely brought. Plaintiff filed his action on May 28, 2021, when the three-year limitations period would have lapsed on May 29, 2021.

Plaintiff also appears to seek compensation for improvements that Plaintiff made to NCI. The complaint alleges that Plaintiff began to make improvements at Mirbod's direction beginning on May 29, 2018. (Doc. 1 ¶ 12.) To the extent Plaintiff seeks to recover on an unjust enrichment basis, his claim falls well within the four-year limitations period.

### 4. Fraud & Misrepresentation

"Pursuant to A.R.S. § 12-543, the limitations period for fraud claims is three years from accrual." *Rindlisbacher v. Steinway & Sons Inc.*, 497 F. Supp. 3d 479, 496 (D. Ariz. 2020). The limitations period begins running "when the defrauded party discovers or with reasonable diligence could have discovered the fraud." *Mister Donut of Am., Inc. v. Harris*, 150 Ariz. 321, 323, 723 P.2d 670, 672 (1986). Again, the first instance in the complaint when Plaintiff could have discovered any alleged fraud would have been on May 29, 2018, when Mirbod chose to acquire NCI through foreclosure rather than a Trustee's sale. (Doc. 1 ¶ 11.) Even if the cause of action accrued on May 29, 2018, Plaintiff's claim would be timely for the reasons stated above.

While Plaintiff's claim for conversion is untimely and is thus dismissed, Defendants' other challenges to Plaintiff's claims on timeliness grounds are unsuccessful.

### C. Breach of Contract

Defendants next argue that the complaint does not state a claim for breach of contract because there was no written contract until the parties executed the 2019 Settlement Agreement, and any prior oral negotiations did not form a valid contract. (Doc. 17 at 9.) Construing the facts in the complaint in Plaintiff's favor, the complaint alleges that Plaintiff and Mirbod orally agreed on May 26, 2018 to the terms of the initial transaction, including the eventual sale of NCI to Plaintiff. (Doc. 1 ¶ 10.) However, Arizona's statute of frauds prohibits actions based upon alleged agreements "for the sale of real property or an interest therein," unless the agreement is in writing and signed by the party to be charged. Ariz. Rev. Stat. § 44-101(6). As Plaintiff alleges he entered into an oral agreement for the sale of real property, the statute of frauds would bar his claim.

Notwithstanding the statute of frauds, Plaintiff's breach of contract claim may be enforced through a theory of promissory estoppel. Promissory estoppel requires a showing that (1) the defendant made a promise to the plaintiff, (2) the defendant "should have reasonably foreseen that plaintiff would rely on that promise," (3) the "plaintiff actually relied on that promise to his detriment," and (4) the "plaintiff's reliance on the promise was justified." *Basmajian v. Compass Bank*, No. CV-17-00696-PHX-BSB, 2017 WL 6415358, at *7 (D. Ariz. Aug. 28, 2017); *see also Higginbottom v. State*, 203 Ariz. 139, 144, 51 P.3d 972, 977 (Ct. App. 2002). "[A] party states a claim for promissory estoppel and avoids the statute of frauds 'only when there has been (1) a misrepresentation that the Statute of Frauds's requirements have been met, or (2) a promise to put the agreement in writing.'" *Basmajian*, 2017 WL 6415358, at *8 (quoting *Arnold & Assocs., Inc. v. Misys Healthcare Sys.*, 275 F. Supp. 2d 1013, 1024 (D. Ariz. 2003)). Otherwise, a party's reliance on an oral agreement on a matter that would otherwise fall within the statute of frauds is not justifiable. *Trollope v. Koerner*, 106 Ariz. 10, 18, 470 P.2d 91, 99 (1970) ("We think a finding of justifiable reliance under the facts of this case would frustrate the basic policy

and effect of the subsection of the Statute of Frauds [Ariz. Rev. Stat. § 44-101(6)] involved here.").

Plaintiff alleges that Mirbod refused to memorialize their oral agreement in writing on several occasions, (Doc. 1 ¶¶ 14, 16 29), and that their underlying agreement in May 2018 was made "with the understanding that" it would be put in writing. (Doc. 1 ¶ 29.) Construing facts alleged in the complaint in Plaintiff's favor, Plaintiff has adequately alleged that when the oral agreement was made, Mirbod agreed it would be subsequently memorialized. Plaintiff has also alleged that Mirbod made him a promise on May 26 which Mirbod should have reasonably foreseen would induce reliance, that Plaintiff actually did rely on that promise to his detriment by making the required improvements to NCI and making monthly interest payments, and that Plaintiff's reliance was justifiable in light of Mirbod's additional promise to memorialize their oral agreement. Consequently, Plaintiff states a claim for breach of contract under a theory of promissory estoppel.

### D.  Fraud

The elements of fraud under Arizona law are:

> (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably calculated, (6) the hearer's ignorance of its falsity, (7) the hearer's reliance on its truth, (8) the right to rely on it, and (9) a consequent and proximate injury.

*Arnold & Assocs.*, 275 F. Supp. 2d at 1027. However, "a breach of contract is not fraud." *Trollope*, 106 Ariz. at 19, 470 P.2d at 100. "In order that a representation constitute actionable fraud, it must relate to either a past or existing fact." *Staheli v. Kauffman*, 122 Ariz. 380, 383, 595 P.2d 172, 175 (1979) (in division). "It cannot be predicated on unfulfilled promises, expressions of intention or statements concerning future events unless such were made with the present intention not to perform." *Id.* Further, Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be

alleged generally." *Id.*

Plaintiff's claim for fraud alleges that Mirbod made several statements concerning future events with present intention not to perform, including that he would sell NCI to Plaintiff for $700,000 and that he would lease NCI to Plaintiff with an option to buy. That Plaintiff alleges generally that Mirbod did not intend to perform when he made these statements is sufficient under Rule 9 because it relates to his state of mind at the time. The complaint also alleges that Mirbod repeatedly changed the terms of performance rather than perform as agreed, providing some further corroboration of Plaintiff's allegation that Mirbod made his representations without intention to perform. As the complaint otherwise alleges the elements for fraud under Arizona law in a manner sufficiently particular to satisfy Rule 9, Plaintiff states a claim for fraud and misrepresentation.

### E.  Alter Ego

Defendants finally argue that the complaint fails to state a claim against Mirbod because the complaint does not adequately allege facts that would permit piercing the corporate veil between 110 AM and Mirbod. (Doc. 17 at 10.) *See, e.g.*, *Skydive Ariz., Inc. v. Quattrochi*, No. CV 05-2656-PHX-MHM, 2006 WL 2460595, at *7 (D. Ariz. Aug. 22, 2006). However, as discussed above, the complaint appears to primarily allege that Mirbod is liable for acts he personally committed, rather than for acts committed by 110 AM. Whether or not the Agreement actually releases such claims requires an analysis of the agreement and perhaps the underlying facts, and is not, therefore, appropriately considered on a motion to dismiss. Therefore, the Court will not dismiss Mirbod from the complaint at this time.

### III.  Leave to Amend

When a court grants a Rule 12(b)(6) motion to dismiss, but a defective complaint can be cured, a plaintiff is ordinarily entitled to amend the complaint before the action is dismissed. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave [to amend] when justice so requires."). Rule 15's policy favoring amendment "should be applied with extreme liberality." *DCD*

*Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Leave to amend should be withheld, however, if "amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

The Court grants leave to amend as Plaintiff could conceivably amend his claim to plead facts that would state a claim for conversion that is not barred by the statute of limitations. Should Plaintiff wish to file a First Amended Complaint, he must do so within thirty days of the date of this order.

## CONCLUSION

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 17) is granted in part and denied in part.

**IT IS FURTHER ORDERED** granting Plaintiff leave to amend his complaint in a manner consistent with this Order. Plaintiff will have **thirty days** from the date of this order to file a First Amended Complaint.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file a First Amended Complaint within thirty days from the date of this order, the Clerk of Court must, without further notice, enter judgment of dismissal of this action with prejudice on or after **April 22, 2022**.

Dated this 23rd day of March, 2022.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge